

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-15-2006

# Maragh v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-1415

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Maragh v. Atty Gen USA" (2006). *2006 Decisions*. Paper 587.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/587

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 06-1415
_____

MICHAEL MARAGH,

Petitioner

v.

ATTORNEY GENERAL OF THE
UNITED STATES,

Respondent
_____

On Petition for Review of a Decision of the
Board of Immigration Appeals
(Agency No. A37 213 598)
Immigration Judge:  Honorable Grace A. Sease
_____

Submitted Under Third Circuit LAR 34.1(a)
August 15, 2006

BEFORE: BARRY, CHAGARES and COWEN, <u>CIRCUIT JUDGES</u>

(Filed: August 15, 2006)

_____

OPINION
_____

PER CURIAM

Michael Maragh petitions for review of a final order of the Board of Immigration

Appeals ("BIA"). For the reasons that follow, we will dismiss the petition.

Maragh, a citizen of Jamaica, entered the United States in 1980 as a lawful permanent resident. In 1994, he was convicted of criminal sale of cocaine, in violation of section 220.39 of the New York Penal Law. In 2001, he was convicted of criminally negligent homicide, in violation of section 125.90 of the New York Penal Law. In 2003, the Department of Homeland Security ("DHS") initiated removal proceedings against Maragh, charging that he was removable as an alien convicted of a controlled substance violation, see Immigration and Nationality Act ("INA") § 237(a)(2)(B)(I); 8 U.S.C. § 1227(a)(2)(B)(I); and convicted of an aggravated felony (an offense relating to the illicit trafficking in a controlled substance), see INA § 237(a)(2)(A)(iii); 8 U.S.C. § 1227(a)(2)(A)(iii).

An Immigration Judge ("IJ") found Maragh removable but, in the exercise of her discretion, granted a waiver of deportation under former INA § 212(c); 8 U.S.C. § 1182(c) (1994) (repealed). DHS appealed. On October 21, 2004, the BIA considered a number of discretionary factors, both positive and negative,[1] and found that Maragh did not meet his burden of establishing that section 212(c) relief was warranted in the

---

[1] For example, the BIA noted that Maragh came to the United States as a lawful permanent resident when he was seven years old, that he had resided in the United States for about twenty-four years, that he is married to a legal permanent resident and has three United States citizen children, and that he has no family in Jamaica. The BIA also noted that Maragh was convicted of criminally negligent homicide in addition to the drug offense, that he had no steady employment history, that he does not financially or emotionally support his sons.

2

exercise of discretion. The BIA vacated the IJ's decision and ordered Maragh's removal to Jamaica. Maragh filed a petition for review with this Court. On January 20, 2005, we dismissed the petition for review for lack of subject matter jurisdiction (C.A. No. 04-4383). In dismissing the petition, we noted that we lacked jurisdiction to review the final removal order because Maragh is a removable alien convicted of a controlled substance offense. We also noted that we lacked jurisdiction to review Maragh's argument that the BIA erred in denying discretionary relief under section 212(c).

Meanwhile, Maragh filed with the BIA a motion to reconsider its October 21, 2004 decision. He argued that the IJ correctly accorded significant weight to evidence of Maragh's rehabilitation and family ties to the United States, and that the IJ properly refused to deny section 212(c) relief on the basis of the criminally negligent homicide conviction alone. Maragh also argued that the BIA gave undue weight to statements contained in a pre-sentence investigation report regarding the criminally negligent homicide. The BIA denied the motion to reconsider on January 14, 2005.

Maragh then filed a habeas corpus petition under 28 U.S.C. § 2241 in the United States District Court for the Southern District of New York. The District Court transferred it to this Court for treatment as a petition for review under Section 106(c) of the REAL ID Act of 2005.

Under the REAL ID Act, we have jurisdiction to review questions of law or constitutional issues raised in Maragh's petition for review. 8 U.S.C. § 1252(a)(2)(D). As we indicated in Maragh's previous petition for review, we lack jurisdiction to consider

3

denials of discretionary relief under section 212(c). See 8 U.S.C. § 1252(a)(2)(B)(ii). In his brief, Maragh contends that the BIA committed legal error and violated his due process rights when it gave undue weight to his conviction of criminally negligent homicide in vacating the IJ's order granting section 212(c) relief. By extension, it would appear that Maragh's position is that the BIA erred in denying his motion for reconsideration on that basis.[2] We agree with DHS that, despite Maragh's attempt to frame his arguments within the rubric of legal and constitutional issues, his claims directly relate to the BIA's exercise of discretion in determining that section 212(c) relief is not merited in his case. We are not persuaded that he raises a question of law or constitutional issue in arguing that the BIA erred in denying reconsideration of its order denying discretionary relief.

For the reasons that we have given, we will dismiss the petition for review.

---

[2] As noted, we previously considered Maragh's petition for review in C.A. No. 04-4383. Therefore, the scope of the petition for review before us is limited to the BIA's denial of Maragh's motion for reconsideration, and we will not consider his arguments relating to the underlying final order of removal.